UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREA DERKS FAGAN | * | CIVIL ACTION |
| AND GEORGE D. FAGAN | * | |
| | * | |
| VERSUS | * | NO. |
| | * | |
| LAWRENCE NATHAN | * | JUDGE |
| ASSOCIATES, INC. | * | MAGISTRATE |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Andrea Derks Fagan ("Mrs. Fagan") and George D. Fagan ("Mr. Fagan"), plaintiffs, through their undersigned counsel of record, aver:

1. Andrea Derks Fagan and George D. Fagan (the "Fagans" or the "Plaintiffs") are residents of the full age of majority of the Parish of Jefferson, State of Louisiana, and have been married since August 21, 1988.

2. Lawrence Nathan Associates, Inc. ("LNA"), defendant, is a Nevada corporation with its principal place of business in that State.

3. At all relevant times, LNA has purposefully engaged in and done business with: individuals residing or present in the State of Louisiana; and, entities domiciled and/or doing business in the State of Louisiana.

4. The jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 28 U.S.C. §1332 and any other applicable law based on the circumstances described in this Complaint.

5. Plaintiffs further seek declaratory relief against LNA pursuant to 28 U.S.C. § 2201 and any other applicable law.

6. Plaintiffs' federal and state law claims against LNA derive from a common focus of operative fact.

7. This Court accordingly has pendent jurisdiction over Plaintiffs' state law claims against LNA.

8. Venue is proper because LNA is subject to the personal jurisdiction of the State of Louisiana and thus resides in this State pursuant to 28 USC 1391(c).

9. Venue is also proper because a substantial part of the events giving rise to the claim occurred within Louisiana and within this District.

10. While located in Louisiana, George D. Fagan contacted Budget Rent-A-Car about reserving a vehicle for Leake & Andersson, L.L.P. for business use in and around Las Vegas beginning on or about July 18, 2009.

11. Leake & Andersson, L.L.P. is a Louisiana limited liability partnership with its principal place of business and domicile in the State of Louisiana, and is a law firm with offices in New Orleans and Lafayette.

12. Mr. Fagan has been a partner with Leake & Andersson, L.L.P. since October 1, 1987.

13. Mr. Fagan's office is located in Leake & Andersson, L.L.P.'s New Orleans office.

14. Mr. Fagan used a corporate card issued by American Express to Leake & Andersson, L.L.P. to place the vehicle reservation for Leake & Andersson, L.L.P. with Budget Rent-A-Car.

15. Between July 18, 2009 and July 24, 2009, Mr. Fagan used the Budget vehicle in the Las Vegas area in connection with his involvement and participation in arbitration proceedings held during that period in Henderson, Nevada.

16. Between July 18, 2009 and July 24, 2009, Mr. Fagan participated in the arbitration proceedings as an attorney of record for Hornor, Townsend & Kent, Inc., a securities brokerage firm registered with FINRA.

17. Mr. Fagan did not use the Budget vehicle for his personal use.

18. On July 24, 2009, Franklin L. Best ("Mr. Best") returned the Budget vehicle to Budget.

19. Mr. Best was authorized the use the Budget vehicle.

20. At the time, Mr. Best was the managing counsel for Hornor, Townsend & Kent, Inc.

21. Budget charged the amount due for the rental of the vehicle to Mr. Fagan's corporate American Express card.

22. Budget thereafter notified Mr. Fagan that it claimed the Budget vehicle sustained certain property damage during the period when Budget rented the vehicle to Leake & Andersson, L.L.P.

23. The Budget vehicle was not damaged during the period between July 18, 2009 and July 24, 2009.

24. Alternatively, in the event that the Budget vehicle had any dents, dings or other damage when it was returned to Budget on July 24, 2009 (which is denied), no individual presently or formerly employed by or acting on behalf of Budget has personal knowledge about when any such damage occurred.

25. On July 31, 2009, George D. Fagan sent a letter to Malco Enterprises of Nevada d/b/a Budget Rent Car disputing any claims asserted by Budget arising out of the rental and use of the Budget vehicle.

26. Budget thereafter engaged LNA to collect Budget's claim.

27. LNA collects and facilitates the collection of debts owed or claimed by others (LNA's clients or customers) against various third parties located throughout the United States, including Louisiana.

28. LNA utilizes instrumentalities of interstate commerce and mail as part of its principal business purpose of collecting debts for its clients or customers against third parties located throughout the United States, including Louisiana.

29. At all relevant times, LNA has been a "debt collector" as that term is defined by federal, Louisiana and Nevada law.

30. As part of its regular business practices, LNA furnishes information to credit reporting agencies about LNA's communications, dealings and transactions with consumers and individuals regarding LNA's debt collection efforts.

31. Upon engaging LNA, Budget provided LNA with a copy of Budget's file materials on Budget's claims against Mr. Fagan, which file materials included Mr. Fagan's July 31, 2009 letter to Budget.

32. LNA was at all times aware that Mr. Fagan disputed Budget's claim.

4

33. LNA attempted to collect Budget's claims against Mr. Fagan on behalf of Budget.

34. LNA utilized instrumentalities of interstate commerce and mail on behalf of Budget in order to attempt to collect Budget's claim against Mr. Fagan.

35. LNA sent notices of its collection of Budget's claims to Mr. Fagan at the following address: 1100 Poydras Street, New Orleans, Louisiana 70163.

36. At all relevant times, Leake & Andersson, L.L.P.'s business address has been 1100 Poydras Street, New Orleans, Louisiana 70163

37. Even though the Budget vehicle was rented by Leake & Andersson, L.L.P., LNA reported to credit reporting agencies that Budget's claim was being made against and owed by Mr. Fagan individually.

38. While attempting to refinance the loan on his residence in September 2011, the Fagans discovered that LNA made reports about Budget's claims against Mr. Fagan to credit reporting agencies.

39. LNA engaged in improper and unlawful debt collection practices when attempting to collect Budget's claim against Mr. Fagan.

40. LNA engaged in unfair trade practices when attempting to collect Budget's claim against Mr. Fagan.

41. LNA made inaccurate, erroneous and misleading reports about Budget's claims against Mr. Fagan to credit reporting agencies (including Equifax and Experian).

42. LNA's reporting of Budget's claims against Mr. Fagan to credit reporting agencies resulted in Budget's claim appearing as undisputed debts owed by Mr. Fagan in the records of certain credit agencies (including Equifax and Experian).

43. The reports made by LNA caused certain credit reporting agencies (including Equifax and Experian) to issue credit reports listing Budget's claims as due, owing and undisputed.

44. The inclusion of Budget's claims in the Fagans' credit reports lowered the Fagans' credit ratings issued by Equifax and Experian.

45. As a result, the Fagans will be required to pay higher interest rates in order to obtain credit.

46. The Fagans have experienced such damages when refinancing their home loan and obtaining an auto loan to purchase a new vehicle.

47. On September 19, 2011, the Plaintiffs sent a letter to LNA by telecopier, email and U.S. Mail disputing Budget's claims and requesting validation.

48. LNA received the September 19, 2011 letter on that same date.

49. LNA thereafter failed or refused to take steps to facilitate the removal or correction of any inaccuracies, errors and misstatements included in LNA's prior reports to credit reporting agencies against Budget's claims against the Fagans.

50. Louisiana Revised Statutes 9:3534.1(B) states in part that: "Any collection agency or debt collector doing business in this state shall register with the secretary of state."

51. At the time that LNA engaged in its debt collection efforts against George D. Fagan, LNA was not properly registered with the Louisiana Secretary of State as required by Louisiana Revised Statutes 9:3534.1(B) and other applicable rules promulgated by the Louisiana Secretary of State.

52. LNA improperly and unlawfully attempted to collect the alleged debt from Mr. Fagan in violation and breach of Louisiana Revised Statutes 9:3534.1(B) and any other applicable laws as well as any rules promulgated by the Louisiana Secretary of State.

53. LNA made false representations of and statements to credit reporting agencies to Mr. Fagan about the character, amount and or legal status of Budget's claims against Mr. Fagan.

54. LNA did not notify the Plaintiffs or any credit reporting agency at any time that Mr. Fagan's dispute and denial of Budget's claim was frivolous or irrelevant.

55. LNA did not notify the Plaintiffs or any credit reporting agency at any time that Plaintiffs had failed to provide sufficient information to investigate the disputed information.

56. LNA failed to review all relevant information provided by the credit reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

57. LNA failed to conduct an adequate investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1).

58. LNA failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

59. LNA failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

60. Based on the foregoing, LNA breached and violated the federal Fair Credit Reporting Act, the federal Fair Debt Collection Act, the Louisiana Consumer Credit Act (including but not limited to La.R.S. 9:3534.1), the Louisiana Unfair Trade Practices Act, and any other applicable federal, Louisiana and Nevada laws and regulations.

61. Plaintiffs are entitled to an award of any damages, attorney's fees, penalties, costs, expenses, interest and/or other relief allowed by federal, Louisiana, Nevada and any other any applicable law.

62. Plaintiffs are entitled to declaratory, equitable, injunctive and other relief as may be allowed by federal, Louisiana, Nevada and any other any applicable law.

**WHEREFORE,** Andrea Derks Fagan and George D. Fagan, plaintiffs, through their counsel of record, pray that their Complaint be deemed to be good and sufficient, that summons be issued to Lawrence Nathan & Associates, Inc. compelling said defendant to respond to this Complaint within the delays and in the manner required by law, and that after due proceedings, that judgment be rendered and issued against Lawrence Nathan Associates, Inc., defendant, for any damages, costs, expenses, interest, penalties and other relief, and/or for any declaratory, equitable, injunctive and other relief, as may be just under the premises or allowed by any applicable law.

Respectfully Submitted,

_____
McNeil J. Kemmerly (La. Bar 15000)
Attorney at Law
187 East Oakridge Park
Metairie, Louisiana 70005
Phone: (504) 512-5100
Fax: (504) 754-7723
E-Mail: mkemmerly@cox.net

**PLEASE ISSUE SUMMONS TO:**

Lawrence Nathan & Associates, Inc.,
pursuant to the Louisiana Long-Arm Statute,
through its registered agent in Nevada,
Michael D. Mazur
3037 East Warm Springs Road
Building 10 - Suite 200
Las Vegas, Nevada 89120
Tel. (702) 564-3128
Facsimile: (702) 564-3175

G:\users\Gfagan\GDF v. Nathan\2-Pleadings\01-23-12 Complaint.doc